**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 96-10054**
**Summary Calendar**

_____

**In The Matter Of: SUNRISE SYSTEMS, INC,**

**Debtor.**

**BARBARA K. HOFFMAN-HILL**

**Appellant,**

**VERSUS**

**SUNRISE SYSTEMS, INC.,**

**Appellee.**

_____

Appeal from the United States District Court
For the Northern District of Texas

(3:94-CV-1618-P)

_____

December 31, 1996

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Barbara K. Hoffman-Hill ("Hoffman-Hill") appeals the district

court's affirmance of a bankruptcy court order denying her

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

unsecured claim of $201,176.34 and instead allowing her unsecured claim of $133,422.20. Finding no error, we affirm the judgment of the district court.

The debtor in this case, Sunrise Systems, Inc. ("Sunrise"), filed Chapter 11 bankruptcy in 1984. 11 U.S.C. § 1101 *et seq.* After its secured creditors were satisfied, Sunrise was left with $13,000,000 in unsecured claims. Its only asset was a lawsuit against Xerox. In 1988, a plan was confirmed by which Sunrise would pursue the litigation against Xerox, with any recovery being used to pay the unsecured creditors. In 1993, Sunrise obtained a jury verdict of over $20,000,000 against Xerox and the case settled while on appeal to this Court.

Solectron, a creditor of Sunrise's, filed a proof of claim for $201,176.34 in 1985. Attached to Solectron's proof of claim were ledger sheets listing Solectron invoice numbers and the amounts Sunrise owed. Solectron did not attach the invoices. Sunrise had scheduled a debt to Solectron for $133,422.20. No objection to the proof of claim was filed until January 1994. ***In re Kolstad***, 928 F.2d 171, 174 (5th Cir.), *cert. denied*, 502 U.S. 958 (1991) ("There is no bar date or deadline for filing objections."). Sunrise then objected that the proof of claim did not have the invoices attached.

During the time of the trial against Xerox that resulted in the favorable verdict, Hoffman-Hill began buying claims of

2

Sunrise's creditors. Ultimately, she acquired $1,700,000 of the $13,000,000 in unsecured claims against Sunrise, including Solectron's claim at issue here.

The bankruptcy court held that the proof of claim was insufficient to invoke the *prima facie* presumption afforded to a properly filed proof of claim. **In re Fidelity Holding Co., Ltd.**, 837 F.2d 696, 698 (5th Cir. 1988). Thus, the burden to rebut the claim never shifted to Sunrise. *Id*. During the decade between the filing of the proof of claim and Sunrise's objection, Solectron destroyed its records containing the original invoices and billing records. Thus, Hoffman-Hill was not able to establish the validity of the debt. The bankruptcy court therefore disallowed the part of the alleged debt in excess of the amount Sunrise scheduled.

Hoffman-Hill contends that the bankruptcy court erred in not affording the *prima facie* presumption to her proof of claim. She further argues that the district court abused its discretion in not granting a continuance to allow her to gather witnesses to verify the debt. After reviewing the briefs of the parties, the district and bankruptcy court opinions, and the record, we conclude that the district court did not err in affirming the judgment of the bankruptcy court.

**AFFIRMED.**